IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Raye T. Nelson, Sr.,                          )
                                              )     CASE NO.: 2:25-CV-12755-BHH-MHC
                    Plaintiff,                )
                                              )
        vs.                                   )     SECOND AMENDED COMPLAINT
                                              )     Jury Trial Demanded
Town of Moncks Corner and                     )
Officer Andrew Turner, in his                 )
Individual Capacity Pursuant to               )
28 U.S.C. § 1983,                             )
                                              )
                    Defendants.               )

## **INTRODUCTION**

This is a civil rights action brought under 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution, arising from an unlawful seizure, excessive use of force, unlawful search, failure to intervene, and failure to properly supervise or train law enforcement officers employed by the Town of Moncks Corner. These violations occurred when Defendant Andrew Turner, acting under color of law, unlawfully detained, searched, and used excessive force on Plaintiff Raye T. Nelson, Sr., a 74-year-old Navy veteran, during an interaction in Moncks Corner, South Carolina.

In addition to the 42 U.S.C. § 1983 claims, Plaintiff asserts state law claims against the Town of Moncks Corner for negligence, gross negligence, assault and battery, and intentional infliction of emotional distress, as well as claims for negligent hiring, training, supervision, and retention of law enforcement officers. The Town of Moncks Corner is also liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), for its failure to implement policies, training, and supervision that would prevent such constitutional violations by its officers.

Plaintiff seeks compensatory damages, punitive damages, attorney's fees, and any other

relief the Court deems just and proper.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 because this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims, arising under the South Carolina Tort Claims Act, pursuant to 28 U.S.C. § 1367(a), as the state law claims are so related to the federal claims that they form part of the same case or controversy.

3. Venue is proper in this district under 28 U.S.C. § 1391(b), as the events giving rise to these claims occurred in Moncks Corner, South Carolina, and the Defendant Town of Moncks Corner is located within this district.

## PARTIES

4. Plaintiff, Raye T. Nelson, Sr., is a resident of Moncks Corner, South Carolina, and was at all relevant times a citizen of the United States.

5. Defendant Town of Moncks Corner is a municipal entity, organized and existing under the laws of the State of South Carolina, located in Berkeley County, South Carolina, the governing body of the Town of Moncks Corner Police Department, and is the employer of Defendant Officer Andrew Turner and other law enforcement officers.

6. Defendant, Officer Andrew Turner, is a law enforcement officer employed by the Town of Moncks Corner and the Town of Moncks Corner Police Department, acting under color of law, and is sued in his individual capacity pursuant to 42 U.S.C. § 1983.

7. John Does 1-10 are law enforcement officers and/or security personnel employed by the Town of Moncks Corner or Berkeley County, who were present at the scene during the incident and may have witnessed the unlawful conduct but failed to intervene to stop it. These individuals'

names and identities are not yet known to Plaintiff, but will be identified through discovery.

**FACTUAL ALLEGATIONS**

8.  Upon information and belief, Defendant Town of Moncks Corner, through its policies, procedures, training, and supervisory practices, failed to properly train and supervise its officers, including Officer Turner, leading to the violation of Plaintiff's constitutional rights.

9.  On or about March 8, 2024, Plaintiff was in Moncks Corner, South Carolina, when he was approached by Defendant Officer Turner and other law enforcement officers who had been called to the scene regarding Plaintiff.

10.  At no time did Plaintiff engage in any violent or threatening behavior toward law enforcement, nor did he resist or refuse to comply with lawful orders.

11.  Defendant Officer Turner, without probable cause or reasonable suspicion, unlawfully detained Plaintiff, claiming to investigate a situation that had no criminal basis.

12.  Defendant Officer Turner used excessive and unreasonable force on Plaintiff by slamming him to the ground. This force was disproportionate to any alleged threat posed by Plaintiff.

13.  During the detention, Defendant Officer Turner and/or John Does 1-10 unlawfully searched Plaintiff's pockets without probable cause, consent, or a warrant. This search violated Plaintiff's Fourth Amendment rights to be free from unreasonable searches and seizures.

14.  John Does 1-10, law enforcement officers and/or security personnel present at the scene, failed to intervene to stop Officer Turner's unlawful conduct, despite having a duty to do so.

15.  Plaintiff was transported to the hospital to treat his injuries, at which time Defendant Officer Turner issued Plaintiff a citation and left the scene, failing to arrest Plaintiff or take him into custody.

16.  As a result of these actions, Plaintiff suffered physical injuries, emotional distress, and damages, including but not limited to pain and suffering, and emotional distress.

## CAUSES OF ACTION

### First Cause of Action
42 U.S.C. § 1983 – Unlawful Seizure, Excessive Force, Unlawful Search, and False Arrest
(Against Officer Andrew Turner and John Does 1-10)

17.     Plaintiff incorporates all prior paragraphs by reference.

18.     Defendant Officer Turner unlawfully seized Plaintiff without probable cause or reasonable suspicion in violation of the Fourth Amendment.

19.     Defendant Officer Turner used excessive and unreasonable force on Plaintiff in violation of the Fourth Amendment.

20.     Defendant Officer Turner and/or John Does 1-10 conducted a search of Plaintiff's person without probable cause, consent, or a warrant in violation of the Fourth Amendment.

21.     Officer Turner unlawfully arrested Plaintiff without probable cause, reasonable suspicion, or lawful justification, in violation of the Fourth Amendment.

22.     Plaintiff's detention and takedown were without legal authority, causing Plaintiff injury and damages.

23.     As a result of these unlawful actions, Plaintiff suffered physical injuries and emotional distress, and his Fourth Amendment rights were violated.

### Second Cause of Action
42 U.S.C. § 1983 – Failure to Intervene
(Against Officer Andrew Turner and John Does 1-10)

24.     Plaintiff incorporates all prior paragraphs by reference.

25.     Defendant Officer Turner, as well as John Does 1-10, had a duty to intervene and prevent the unlawful conduct of Officer Turner.

26.     Several law enforcement officers, including John Does 1-10, were present during the unlawful conduct, witnessed the excessive force, and failed to take reasonable steps to intervene or prevent the violation of Plaintiff's constitutional rights.

27.     By failing to intervene, John Does 1-10 violated Plaintiff's Fourth Amendment rights.

28.     Plaintiff suffered harm as a result of the failure to intervene.

**Third Cause of Action**
42 U.S.C. § 1983 – Monell Liability – Failure to Train and Supervise, and Ratification
(Against Town of Moncks Corner)

29.     Plaintiff incorporates all prior paragraphs by reference.

30.     The Town of Moncks Corner is liable under Monell for failing to train, supervise, and discipline Officer Turner and other law enforcement officers regarding proper procedures for detaining individuals, using force, conducting searches, and intervening in unlawful conduct, as well as ratifying the unlawful conduct that led to Plaintiff's constitutional violations.

31.     Upon information and belief, the Town of Moncks Corner, through its policymakers and supervisory personnel, failed to properly train, supervise, and discipline Defendant Officer Turner and other law enforcement officers, including those present at the scene, in

32.     Upon information and belief, the Town of Moncks Corner's failure to implement and enforce proper policies, procedures, training, and supervision regarding the proper procedure for seizing individuals, using force, conducting searches, intervening when necessary, and upholding the constitutional rights of individuals, resulted in the violation of Plaintiff's Fourth Amendment rights.

33.     The Town's failures directly contributed to the constitutional violations suffered by Plaintiff.

34.     Upon information and belief, the Town's policies and practices were the moving force behind the constitutional violations committed by Officer Turner and John Does 1-10.

35.     Upon information and belief, the Town of Moncks Corner has no clear policy or training programs regarding the use of force in non-threatening situations, the conduct of searches without probable cause, or the duty of officers to intervene when unlawful conduct occurs, which directly

contributed to the violation of Plaintiff's constitutional rights.

36.     The Town's failure to exercise due care in implementing adequate policies, training, and supervision of its officers was a proximate cause of the constitutional violations and damages suffered by Plaintiff.

37.     Plaintiff suffered harm as a result of these constitutional violations.

38.     Upon information and belief, following the incident, the Town of Moncks Corner, through its policymakers and supervisory personnel, ratified the actions of Officer Turner and John Does 1-10, including the unlawful seizure, use of force, search, and failure to intervene against Plaintiff.

39.     The ratification of these unconstitutional actions by the Town was a moving force behind Plaintiff's injuries.

40.     Plaintiff suffered harm as a result of the Town's ratification.

### Fourth Cause of Action
Assault and Battery
(Against Officer Andrew Turner and Town of Moncks Corner)

41.     Plaintiff incorporates all prior paragraphs by reference.

42.     Officer Turner, acting under the color of law and within the scope of his employment, intentionally made harmful and offensive contact with Plaintiff without consent or legal justification, causing harm and injury.

43.     The Town of Moncks Corner is vicariously liable for the actions of Officer Turner under the South Carolina Tort Claims Act, as Officer Turner was acting within the scope of his employment and authority at all relevant times during the incident.

44.     Plaintiff suffered harm as a result of this assault and battery.

### Fifth Cause of Action
Intentional Infliction of Emotional Distress
(Against Officer Andrew Turner and Town of Moncks Corner)

45.     Plaintiff incorporates all prior paragraphs by reference.

46.     The conduct of Officer Turner was extreme and outrageous, and intended to cause, or recklessly disregarded the probability of causing, emotional distress to Plaintiff.

47.     The Town of Moncks Corner is liable for Officer Turner's actions under the South Carolina Tort Claims Act, as Officer Turner was acting within the scope of his employment and authority at all relevant times during the incident.

48.     As a direct and proximate result of Officer Turner's actions, Plaintiff suffered severe emotional distress, humiliation, and trauma.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

1.     Compensatory damages in an amount to be determined at trial, including for physical injuries, emotional distress, and other losses;

2.     Punitive damages against Defendant Officer Turner in his individual capacity for his willful, reckless, or malicious conduct;

3.     An award of attorney's fees and costs under 42 U.S.C. § 1988;

4.     Pre- and post-judgment interest as allowed by law; and

5.     Any other relief the Court deems just and proper.

Respectfully submitted this 5th day of December 2025

MYERS LAW OFFICE, LLC

<u>s/ Amenhotep Myers</u>
Amenhotep Myers, Esq.
SC Bar Number: 104924
4000 Faber Place Drive, Suite 300
North Charleston, SC 29405
Phone: (843) 279-4396
Facsimile: (843) 279-4421
Lawyer@amenthelawyer.com
***Attorney for Plaintiff***