IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Raye T. Nelson, Sr., | ) | C/A No. 2:25-cv-12755-BHH-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Town of Moncks Corner and Officer | ) | |
| Andrew Turner, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, represented by counsel, filed this action in state court, alleging various causes of action arising under state law, as well as federal claims pursuant to 42 U.S.C. § 1983 for violation of his civil rights. ECF No. 1-1. Defendants Town of Moncks Corner and Officer Andrew Turner (together, "Defendants") removed the action to this Court on September 30, 2025.[1] ECF No. 1. Before the Court is Defendants' Partial Motion to Dismiss ("Motion") filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 10. Plaintiff filed a Response in Opposition to the Motion. ECF No. 13. The Motion is ripe for review.

All pretrial proceedings in this case were referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(f), D.S.C. This Report and Recommendation is entered for review by the District Judge. For the reasons set forth below, the undersigned recommends that the Motion be granted, in part, and denied, in part.

---

[1] The complaint at the time of removal included the Town of Moncks Corner Police Department as a defendant. ECF No. 1-1 at 16. Plaintiff's Second Amended Complaint, filed December 5, 2025, serves as the operative complaint in this case and omitted that party. *See* ECF No. 8 at 1.

1

**PLAINTIFF'S ALLEGATIONS[2]**

Plaintiff's claims arise from an interaction with law enforcement, including Defendant Turner and other officers, on or about March 8, 2024. ECF No. 8 at ¶ 9. Even though Plaintiff did not engage in any violent or threatening behavior towards law enforcement, resist, or refuse to comply with lawful orders, Defendant Turner unlawfully detained Plaintiff without probable cause, reasonable suspicion, or any other criminal basis. *Id.* ¶¶ 10–11. Plaintiff was slammed to the ground by Defendant Turner, who used excessive and unreasonable force disproportionate to any threat posed by Plaintiff. *Id.* ¶ 12. Plaintiff was unlawfully searched by Defendant Turner and other unnamed officers. *Id.* ¶ 13. During the search, no one intervened to stop Defendant Turner's unlawful conduct. *Id.* ¶ 14. Defendant Turner ultimately issued only a citation to Plaintiff, and Plaintiff was transported to the hospital for treatment for his injuries. *Id.* ¶ 15. Plaintiff was not arrested or taken into custody. *Id.*

Plaintiff alleges that Defendant Town of Moncks Corner's (the "Town's") failure to properly train and supervise its officers led to the violation of Plaintiff's constitutional rights. *Id.* ¶ 8. Specifically, Plaintiff alleges that the Town failed to train, supervise, and discipline Defendant Turner and other law enforcement officers regarding proper procedures for detaining individuals, using force, conducting searches, and intervening in unlawful conduct, and that it ratified the unlawful conduct that led to these constitutional violations. *Id.* ¶ 30. Plaintiff also alleges that the Town's failure to implement and enforce proper policies, procedures, training, and supervision regarding seizing individuals, using force, conducting searches, intervening when necessary, and

---

[2] For purposes of ruling on Defendants' Motion, the Court accepts the truth of the allegations in Plaintiff's Second Amended Complaint, including those made upon information and belief, and views all inferences in the light most favorable to Plaintiff. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

upholding the constitutional rights of individuals resulted in the violation of Plaintiff's Fourth Amendment rights. *Id.* ¶ 32. Plaintiff alleges that the Town has no clear policy or training programs regarding using force in non-threatening situations, conducting searches without probable cause, or intervening when unlawful conduct occurs. *Id.* ¶ 35.

Plaintiff suffered physical injuries, emotional distress, and other damages. *Id.* ¶ 16.

## LEGAL STANDARD

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014). Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant will have "fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). When considering a Rule 12(b)(6) motion, the court is required to accept the allegations in the pleading as true and draw all reasonable factual inferences in favor of the party opposing the motion. *Kolon Indus., Inc.*, 637 F.3d at 440.

## DISCUSSION

Plaintiff asserts claims for (1) violations of his Fourth Amendment rights based on unlawful seizure, excessive force, unlawful search, and false arrest under 42 U.S.C. § 1983 against Defendant Turner; (2) failure to intervene, in violation of the Fourth Amendment, under § 1983 against Defendant Turner; (3) failure to train, failure to supervise, and ratification under § 1983

3

against Defendant Town of Moncks Corner; (4) assault and battery under the South Carolina Tort Claims Act ("SCTCA") against both Defendants; and (5) intentional infliction of emotional distress ("IIED") under the SCTCA against both Defendants. ECF No. 8 at 3–7.

Defendants seek the dismissal of the latter three claims. Specifically, Defendants argue that Plaintiff's claim under § 1983 against the Town is inadequately pled to establish *Monell* liability; Defendant Turner is entitled to immunity under the SCTCA; and Plaintiff's IIED claim is barred by the SCTCA. ECF No. 10 at 2–6. In response, Plaintiff concedes that the SCTCA assault and battery claim against Defendant Turner should be dismissed, with the Town substituted as the only Defendant for that claim. ECF No. 13 at 1. Plaintiff also does not oppose dismissal of his IIED claim. *Id.* Accordingly, the undersigned recommends dismissal of Plaintiff's assault and battery claim against Defendant Turner, with the Town substituted as the only Defendant for that claim, and dismissal of Plaintiff's IIED claim.

However, Plaintiff argues that Defendants' Motion expects a higher standard than is necessary to adequately plead his *Monell* claim against the Town. *Id.* at 1–3. Because the only remaining dispute involves the *Monell* claim for municipal liability against the Town, the analysis of the Motion is limited to that claim alone.[3]

### A.  *Monell* Liability

"Title 42 U.S.C. § 1983 is a federal statutory remedy available to those deprived of rights secured to them by the Constitution and, in a more sharply limited way, the statutory laws of the United States." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). "One alleging

---

[3] Defendants also move to dismiss Plaintiff's claim for attorney's fees for the tort claims asserted against them. ECF No. 10 at 6–7. Plaintiff clarifies that he "seeks attorney's fees pursuant to 42 U.S.C. § 1988, which governs federal civil rights claims—not under the SCTCA. . . [and] Defendants' argument addresses a claim Plaintiff does not make." ECF No. 13 at 4. To the extent Defendants seek the dismissal of Plaintiff's prayer for attorney's fees, the request should be denied.

a violation of section 1983 must prove that the charged state actor (1) deprived plaintiff of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was performed under color of the referenced sources of state law found in the statute." *Id.*

A municipality cannot be held liable under 42 U.S.C. § 1983 "for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, local governments can be sued under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. This form of liability does not represent respondeat superior liability nor does it create § 1983 liability solely because a municipal employee violates another person's constitutional rights. *Id.* at 691.

There are three necessary elements for *Monell* liability. First, the plaintiff must plausibly allege a constitutional harm that stems from the acts of a municipal employee "taken in furtherance of some municipal 'policy or custom.'" *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984) (quoting *Monell*, 436 U.S. at 694). As interpreted by the Fourth Circuit, "[a] policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifest[s] deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (internal quotation marks omitted). Second, the plaintiff must allege facts showing that the policy's creation is fairly attributable to the municipality. *Spell v. McDaniel*, 824 F.2d 1380, 1389 (4th Cir. 1987); *see also Owens v. Balt. City State's Atty's Off.*, 767 F.3d 379, 402 (4th Cir. 2014) ("Only if a municipality subscribes to a custom, policy, or

5

practice can it be said to have committed an independent act, the *sine qua non* of *Monell* liability.").
Third, the plaintiff must allege an affirmative causal link between the "policy or custom," and the
particular injury he suffered. *Spell*, 824 F.2d at 1389.

A municipality's "decision not to train certain employees about their legal duty to avoid
violating citizens' rights may rise to the level of an official government policy for purposes of
§ 1983" when the municipality's failure to train its employees amounts to "deliberate indifference"
to the rights of the person affected by the untrained employee. *Connick v. Thompson*, 563 U.S. 51,
61 (2011). To prevail under a *Monell* claim, "[a] plaintiff must point to a 'persistent and widespread
practice[ ] of municipal officials,' the 'duration and frequency' of which indicate that policymakers
(1) had actual or constructive knowledge of the conduct, and (2) failed to correct it due to their
'deliberate indifference.'" *Owens*, 767 F.3d at 402 (citing *Spell*, 824 F.2d at 1386–91). Knowledge
and indifference can be inferred from the extent of an employee's misconduct. *Spell*, 824 F.2d at
1391. Ordinarily, such deliberate indifference requires a plaintiff to establish "[a] pattern of similar
constitutional violations by untrained employees." *Connick*, 563 U.S. at 62. For this reason,
sporadic or isolated violations of rights will not give rise to *Monell* liability; only "widespread or
flagrant" violations will. *Owens*, 767 F.3d at 403. "Although prevailing on the merits of a *Monell*
claim is difficult, simply alleging such a claim is by definition easier." *Id.* (citing *Twombly*, 550
U.S. at 570).

### B.  Plaintiff's Claim

Here, Defendants argue that Plaintiff's Second Amended Complaint fails to support a
§ 1983 claim against the Town because Plaintiff has asserted a sweeping *Monell* claim based on
failure to train but has not established a specific deficiency by the Town. ECF No. 10 at 3–4.
Defendants also highlight that a single incident of misconduct is not sufficient to state a claim

6

based on inadequate training. *Id.* at 4. Plaintiff responds that he has adequately pled a failure to train claim based on (1) de-escalation of non-violent encounters, (2) use of force against elderly citizens, (3) searches without probable cause, and (4) the duty to intervene when unconstitutional force is used. ECF No. 13 at 2. He also asserts that he adequately alleged that the Town ratified Defendant Turner's conduct by failing to discipline, correct, or repudiate the use of force. *Id.* at 3 (citing *Hall v. Marion Sch. Dist. No. 2*, 31 F.3d 183, 196 (4th Cir. 1994)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only allege facts, which if true, "state a claim to relief that is plausible on its face." *Owens*, 767 F.3d at 403 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At the motion to dismiss stage of the litigation, "[t]he recitation of facts need not be particularly detailed, and the chance of success need not be particularly high." *Id.* (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570).

Though Defendants argue Plaintiff's allegations lack the required specificity to state a claim, upon review of the Second Amended Complaint, the undersigned finds that the allegations plausibly allege a claim under *Monell*. *See, e.g.*, ECF No. 8 at ¶ 8 ("Defendant Town of Moncks Corner, through its policies, procedures, training, and supervisory practices, failed to properly train and supervise its officers, including Officer Turner, leading to the violation of Plaintiff's constitutional rights."); *id.* ¶ 32 ("Upon information and belief, the Town of Moncks Corner's failure to implement and enforce proper policies, procedures, training, and supervision regarding the proper procedure for seizing individuals, using force, conducting searches, intervening when necessary, and upholding the constitutional rights of individuals, resulted in the violation of Plaintiff's Fourth Amendment rights."); *id.* ¶ 34 ("Upon information and belief, the Town's policies and practices were the moving force behind the constitutional violations committed by Officer Turner and John Does 1-10."); *id.* ¶ 35 ("Upon information and belief, the Town of Moncks

Corner has no clear policy or training programs regarding the use of force in non-threatening situations, the conduct of searches without probable cause, or the duty of officers to intervene when unlawful conduct occurs, which directly contributed to the violation of Plaintiff's constitutional rights."); *id.* ¶¶ 38–39 ("Upon information and belief, following the incident, the Town of Moncks Corner, through its policymakers and supervisory personnel, ratified the actions of Officer Turner and John Does 1-10, including the unlawful seizure, use of force, search, and failure to intervene against Plaintiff . . . [which] was a moving force behind Plaintiff's injuries."). Plaintiff's allegations plausibly allege harm stemming from a policy or custom of persistently failing to properly train officers that is fairly attributable to the Town and caused Plaintiff's injuries. *See Owens*, 767 F.3d at 402; *Spell*, 824 F.2d at 1389.

Further, Plaintiff's allegations are similar to others which courts in this District have found sufficient to survive a motion to dismiss. *See, e.g.*, *Taylor-Fludd as Next Friend of T.F. v. Charleston Cnty. Sch. Dist.*, No. 2:24-CV-06554-RMG, 2025 WL 1549647, at *3–4 (D.S.C. May 30, 2025) (denying motion to dismiss *Monell* claim that adequately alleged policies, practices, or customs which caused the plaintiff's injuries by alleging that it was the official policy or custom of the defendants to "[fail] to adequately train or supervise its faculty in the use of appropriate, non-violent behavior intentions," that defendants condoned the practice of using physical force likely to harm individuals, and that defendants demonstrated deliberate indifference to plaintiff's constitutional rights by failing to correct individual defendant's misconduct); *Disher v. Town of Kingstree*, No. 4:25-CV-03782-SAL-KDW, 2026 WL 353428, at *3–4 (D.S.C. Feb. 9, 2026) (finding allegations that policymakers implemented a policy of unlawful detention without reasonable suspicion or probable cause and that the defendant town has a custom, pattern, practice, or procedure of instituting baseless criminal actions against individuals it wishes to silence were

sufficient to survive motion to dismiss); *see also Green v. Obsu*, No. CV ELH-19-2068, 2021 WL 165135, at *15 (D. Md. Jan. 19, 2021) ("Although boilerplate allegations will not suffice, at the motion to dismiss stage, courts should not expect the plaintiff to possess a rich set of facts concerning the allegedly unconstitutional policy and the responsible policymakers."); *Johnson v. Balt. Police Dep't*, No. CV ELH-19-00698, 2020 WL 1169739, at *33–34 (D. Md. Mar. 10, 2020) (determining plaintiff stated a *Monell* failure to train claim when he identified a specific deficiency with police department's training and illustrated the defect by highlighting twelve instances); *Booker v. City of Lynchburg*, No. 6:20-CV-11, 2020 WL 8513807, at *6–7 (W.D. Va. Nov. 12, 2020) (finding plaintiff adequately pled a failure to train claim because his allegations went "beyond a generic restatement of the elements of a *Monell* failure to train claim" by providing a list of deficient training programs and alleging the lack of an annual excessive force training), *report and recommendation adopted*, No. 6:20-CV-00011, 2021 WL 519905 (W.D. Va. Feb. 11, 2021); *Est. of Osuna v. Cnty. of Stanislaus*, 392 F. Supp. 3d 1162, 1174 (E.D. Cal. 2019) ("[T]he details of the alleged policy or custom . . . is a topic properly left to development through discovery. It is a rare plaintiff who will have access to the precise contours of a policy or custom prior to having engaged in discovery, and requiring a plaintiff to plead its existence in detail is likely to be no more than an exercise in educated guesswork.").

At this stage in the litigation, Plaintiff has alleged the existence of official policies, procedures, and customs sufficient to establish a claim under 42 U.S.C. § 1983. "Although prevailing on the merits of a *Monell* claim is difficult, simply alleging such a claim is, by definition, easier. For to survive a motion to dismiss under Rule 12(b)(6), a complaint need only allege facts which, if true, 'state a claim to relief that is *plausible* on its face.'" *Owens*, 767 F.3d at 403 (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570). In this instance, Plaintiff has set forth sufficient

9

allegations which, if true, would support a *Monell* claim.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendants' Partial Motion to Dismiss (ECF No. 10) be **GRANTED, in part,** and **DENIED, in part**. Specifically, the undersigned recommends that the Motion be **GRANTED** with respect to (1) Plaintiff's assault and battery claim against Defendant Turner and (2) Plaintiff's IIED claim against both Defendants. The undersigned recommends that the Motion be **DENIED** as to Plaintiff's § 1983 claim for municipal liability against Defendant Town of Moncks Corner.

**IT IS SO RECOMMENDED.**

The parties are referred to the Notice Page attached hereto.

March 10, 2026                                      Molly H. Cherry
Charleston, South Carolina                United States Magistrate Judge

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).